J-S88024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CALVIN SMITH | |
| Appellant | No. 1329 EDA 2015 |

Appeal from the Judgment of Sentence April 1, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006801-2013

BEFORE: OLSON, J., RANSOM, J., and STRASSBURGER, J.*

MEMORANDUM BY RANSOM, J.: **FILED JANUARY 31, 2017**

Appellant, Calvin Smith, appeals from the judgment of sentence of five to fifteen years of incarceration, following a bench trial resulting in his conviction for aggravated assault, simple assault, and recklessly endangering another person.[1] We affirm.

Victim, S.S., testified that in March 2013, she was in the City and County of Philadelphia looking for drugs when she encountered Appellant who claimed to have drugs. Notes of Testimony (N.T.), 1/23/15 at 56, 58. Victim followed Appellant into a building where Appellant revealed he did not, in fact have drugs, but instead wanted to have anal sex with her. *Id*. at 59-61, 80-81. When Victim told Appellant that she wanted to leave,

---

[1] Respectively, *see* 18 Pa.C.S. §§ 2702(a), 2701, and 2705.

* Retired Senior Judge assigned to the Superior Court.

Appellant hit her in the face, tripped her, and told her he was "going to kill [her]." *Id*. at 62-63. A scuffle began, wherein Victim used a razor blade to cut Appellant's forehead and hands. *Id*. at 71, 73-75, 86.[2] Appellant then chased Victim down the street, tripping, kicking, and biting her, as well as punching her in the face. *Id*. at 64-66, 69. Victim attempted to flee more than once but was thwarted by Appellant's continuous tripping and hitting. *Id*. at 69.

Firefighter Joseph McGuigan ("Mr. McGuigan") testified that he was driving an ambulance in the area when he "saw a [Victim] with no clothes on in the middle of the street covered in blood and [Appellant delivering] . . . non-stop, repetitive blows." *Id*. at 5-6, 13. Mr. McGuigan stopped the ambulance and called the police. *Id*. at 6-7. As a result of the incident, Victim had multiple abrasions, including large abrasions on her knees and right elbow, facial trauma, an acute subdural hematoma, and thin hyperdense subdural collections along both frontal lobes.[3] *Id*. at 105-106. Victim was hospitalized for three to four days, and as of the date of the trial she still had trouble thinking. *Id*. at 75.

---

[2] The razor blade was left inside of the building. *Id*. at 86.

[3] Appellant and the Commonwealth stipulated to the testimony of Dr. Sjoholm, attending physician at Temple University on the date that Victim appeared for treatment. *Id*. at 105-106

Following trial in January 2015, the court sitting without a jury, found Appellant guilty of the aforementioned charges. In April 2015, Appellant was sentenced to five to fifteen years of incarceration and given credit for time served. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant presents the following question for our review:

> 1. WAS THE EVIDENCE INSUFFICIENT TO SUSTAIN A CONVICTION OF AGGRAVATED ASSAULT?

Appellant's Brief at 3.

In his only issue, Appellant challenges the sufficiency of the evidence presented at trial. Appellant avers the evidence presented at trial was insufficient to show he attempted to cause Victim serious bodily injury or that he intentionally, knowingly or recklessly caused Victim serious bodily injury.[4] Appellant's Brief at 8-10.

When examining a challenge to the sufficiency of the evidence, our standard of review requires we consider the evidence in the light most favorable to the Commonwealth as verdict winner.

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record

---

[4] Appellant does not challenge his other convictions.

contains support for the convictions they may not be disturbed. So long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, his convictions will be upheld. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. McKellick*, 24 A.3d 982, 990 (Pa. Super. 2011) (citations omitted).

A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.S.C. § 2702(a)(1).

As the trial court observed:

[Victim]'s testimony demonstrates that Appellant severely and relentlessly beat her, causing serious injuries that were not disputed at trial. Her testimony was corroborated by an eyewitness, Firefighter Joseph McGuigan. This evidence is more than sufficient to support the fact-finder's determination of guilt beyond a reasonable doubt.

PCRA Court Opinion, 4/19/16, at 6. We agree, adding that Appellant repeatedly prevented Victim from escaping his onslaught and she sustained significant injury to her head as a result of his actions.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/31/2017</u>